IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:09-CV-194-D

| | | |
|---|---|---|
| CHARMAINE D. LOCKLEAR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| J.C. PENNEY COMPANY, INC., and | ) | |
| J.C. PENNEY CORPORATION, INC., | ) | |
| | ) | |
| Defendants. | ) | |

On November 6, 2009, Charmaine D. Locklear ("Locklear" or "plaintiff") filed this action in Robeson County Superior Court against J.C. Penney Company, Inc., and J.C. Penney Corporation, Inc. ("defendants"), asserting claims of negligence under of North Carolina state law. On November 25, 2009, defendants removed the action to this court [D.E. 1]. On December 22, 2009, plaintiff filed a motion to remand the action to state court [D.E. 5], which this court denied on April 22, 2010 [D.E. 20]. On July 29, 2011, defendants filed a motion for summary judgment [D.E. 29]. On September 19, 2011, plaintiff responded in opposition [D.E. 35]. On October 3, 2011, defendants filed a reply to plaintiff's memorandum in opposition to summary judgment [D.E. 36]. As explained below, the court denies defendants' motion for summary judgment.

I.

On or about November 9, 2006, while shopping at a J.C. Penney store in Fayetteville, North Carolina, Locklear tripped on an empty clothing rack. See Compl. ¶¶ 4, 7, 13. On November 6, 2009, plaintiff filed suit in Robeson County Superior Court against defendants, asserting claims of negligence under North Carolina state law, see id. ¶¶ 12–38, and demanding "compensatory damages in excess of $10,000." Id. 4. Locklear alleges that she has suffered "severe and painful injuries" for

which she "has sought and will continue to seek reasonable medical care." See id. ¶¶ 34–38.

On July 29, 2011, defendants sought summary judgment, arguing that plaintiff's "forecast of evidence reveals that no genuine issues of fact exist." Defs.' Mem. Supp. Mot. Summ. J. 1. Defendants state that the clothing rack over which plaintiff tripped was an "open and obvious danger" and that North Carolina law does not require shopkeepers to warn customers about such dangers. Id. 5–7. Relatedly, defendants argue that Locklear was contributorily negligent as a matter of law in tripping over an open and obvious defect and that such negligence bars recovery under North Carolina law. Id. 7.

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex, 477 U.S. at 325. After the moving party has met this burden, the nonmoving party "must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (emphasis and quotation omitted). A genuine dispute about a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. The court views the evidence and the inferences drawn therefrom in the light most favorable to the nonmoving party. Scott v. Harris, 550 U.S. 372, 378 (2007).

Here, the forecast of evidence demonstrates that genuine issues of material fact exist as to whether the clothing rack was an open and obvious danger, see Defs.' Mem. Supp. Mot. Summ. J. 5–8; Pl.'s Mem. Opp'n Mot. Summ. J. 6–10, 12–16; Locklear Dep. 37:1–39:18, and whether Locklear was negligent as a matter of law when she tripped over the clothing rack. See Defs.' Mem.

2

Supp. Mot. Summ. J. 7; Pl.'s Mem. Opp'n Mot. Summ. J. 10–16; Locklear Dep. 30:1–39:18; Hall Dep. 10:1–12:8; see also Price v. Jack Eckerd Corp., 100 N.C. App. 732, 736–37, 398 S.E.2d 49, 52 (1990) (holding that plaintiff was not negligent as a matter of law when there was evidence that a store clerk had distracted plaintiff by giving her directions to another department in the store before plaintiff tripped over an obstruction). In opposition to this conclusion, defendants cite Scott v. Harris, 550 U.S. 372 (2007), and argue that summary judgment is appropriate because the evidence has "clearly contradicted" Locklear's version of the facts. Defs.' Mem. Supp. Mot. Summ. J. 7–8. Unlike Scott, however, the record in this case does not include a videotape recording of the incident, and Locklear's story is not "blatantly contradicted by the record[] so that no reasonable jury could believe it." Scott, 550 U.S. at 380.

Defendants also contest the testimony of plaintiff's proposed expert witness, Dr. Michael Maddox. See Defs.' Mem. Supp. Mot. Summ. J. 8–11; Pl.'s Mem. Supp. Mot. Summ. J. 20–28. The dispute concerning Dr. Maddox is not material to resolving the motion for summary judgment. Before trial, defendants may file a motion under Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), and its progeny concerning Dr. Maddox's testimony. If defendants file such a motion, the court will address the issue.

II.

Accordingly, the court DENIES defendants' for summary judgment [D.E. 29]. The court DIRECTS the parties to complete mediation by December 16, 2011. The court DIRECTS the Clerk of Court to continue management of the case.

SO ORDERED. This 27 day of October 2011.

JAMES C. DEVER III
Chief United States District Judge